Pearson, C. J.
 

 His Honor was of opinion, that the statute does not apply to contracts made by one Cherokee Indian with another, but was confined to cases where a Cherokee Indian made a contract with others “ who were not of that race ”— that is: with a white man, or a free negro, or a Creek, or Chocktaw Indian, or some one who was not a Cherokee. It may be that such was the intention of the law-makers, but if so, apt words are not used to express the meaning, and there is no rule of construction, by which the general terms used can be so restricted, in their operation ; Rev. Code, ch. 50, sec. 16 :
 
 “
 
 All contracts, of
 
 every
 
 description, made with any Cherokee Indian, for an amount equal to ten dollars or more, shall be void, unless,” &c. These words are as general as they can be. Here is a contract for an amount over ten dollars, made with a Cherokee Indian, and the requirements of the statute are not observed ; so it comes within the, words of the statute, and there is nothing to show that it does not come within the meaning; for if the intention was to confine the act to contracts made by
 
 white
 
 men with Cherokee Indians, it could have been easily so expressed; and we cannot put that construction on the statute, without imputing to
 
 *603
 
 the law-makers an inability to express their meaning in an intelligible manner.
 

 Judgment reversed, and a
 
 venwe de novo
 
 awarded. As the case turns upon a question of law, we regret that it was not made up so as to enable this Court to give a final judgment.
 

 Per Curiam,
 

 Judgment reversed.